RECEIPT # _____
AMOUNT $ 150
SUMMONS ISSUED N/A
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE 8-27-04

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

FIDELITY MANAGEMENT TRUST )
COMPANY, as Collateral Agent for Mellon )
Bank, N.A., as Trustee of Bell Atlantic Master )
Trust with Respect to Account C, )
)
Plaintiff, )
)
v. ) Civil Action No.:_____
)
RICCARDO OLIVIERI, an individual, )
)
Defendant. )

04 [CV] [11878] JLT

MAGISTRATE JUDGE Collings

### NOTICE OF REMOVAL

Defendant Riccardo Olivieri submits this notice of removal of a case from the Massachusetts Trial Court, Suffolk Superior Court Department, Business Litigation Session ("State Court") to this Court, and, as described in paragraph 8 hereof, simultaneously to the Bankruptcy Court for the District of Massachusetts, pursuant to 28 U.S.C. §§ 1334, 1441 and 1446 and Federal Rule of Bankruptcy Procedure 9027. As grounds therefor, Defendant states as follows:

1.      On July 15, 2004, Fidelity Management Trust Company, as Collateral Agent for the trustee of a trust ("Fidelity"), commenced an action against Mr. Olivieri in the State Court entitled Fidelity Management Trust Company v. Riccardo Olivieri, case number CA 04-3161. That action (the "State Court Action") is now pending. In the State Court Action, Fidelity seeks to enforce a guaranty against Mr. Olivieri that he purportedly executed in favor of Fidelity (the "Guaranty") for the purpose of obtaining a

loan for an entity owned or controlled indirectly by him called Florida Development Associates, Ltd. (the "Loan").

2. On August 2, 2004, Mr. Olivieri received by certified mail a summons and a copy of the complaint in the State Court Action.

3. Fidelity, the plaintiff, is a Massachusetts trust company with its principal place of business at 82 Devonshire Street, E15C, Boston, Massachusetts 02109. The amount in controversy exceeds $75,000. Mr. Olivieri, the only named defendant in the State Court Action, is an Italian citizen. In addition, Mr. Olivieri does not live in, and is not a resident or citizen of, Massachusetts. Because there is complete diversity of citizenship between the parties, the jurisdictional amount exceeds $75,000, and the only defendant is not a citizen of the state in which the State Court Action was brought, this Court has original jurisdiction over the State Court Action and removal is proper. 28 U.S.C., §§ 1332 and 1441(b).

4. Prior to the commencement of the State Court Action, on March 12, 2004 Florida Development Associates, Ltd. (the "Debtor") filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Florida, Case No. 04-12033-BKC-AJC (the "Bankruptcy Case"). On July 20, 2004, the Debtor commenced an Adversary Proceeding in the Bankruptcy Case against certain defendants, including those for whom Fidelity is the Collateral Agent in connection with this matter. In that Adversary Proceeding, the Debtor challenged both the validity of the Loan and the debt owed thereon.

5. The claims raised in the State Court Action will affect the amount of property available for distribution among creditors of the Debtor and its affiliates.

Specifically, the defenses which Mr. Olivieri has in the State Court Action are in large part the same as the allegations which the Debtor has asserted in the Adversary Proceeding above referred to. Depending on which court makes its determination first, the results in one case may have a preclusive effect on the other. Further, the Adversary Proceeding is a "core" proceeding as described in 28 U.S.C., §157(b)(2), and therefore the United States Bankruptcy Court for the Southern District of Florida has exclusive jurisdiction over that matter. The allegations in the State Court Case arise in or relate to the Bankruptcy Case, and removal to a United States Bankruptcy Court is appropriate. 28 U.S.C., §§1334, 1452.

6. By filing this Notice of Removal, Mr. Olivieri does not waive, and expressly reserves, any jurisdictional or other objections he may have to the complaint filed against him by Fidelity.

7. The State Court Action contains non-core claims. Subject to the objection and reservation of rights expressed in paragraphs 6 and 8 hereof, Mr. Olivieri consents to the entry of final orders or judgment by the Bankruptcy Judge.

8. Upon removal of this case to this Court and thence to the United States Bankruptcy Court, Mr. Olivieri will seek a transfer of venue to the United States Bankruptcy Court for the Southern District of Florida, either directly or indirectly, such as by means of a prior transfer to the United States District Court for the Southern District of Florida, and seek to consolidate this case with the Adversary Proceedings.

9. Attached hereto as Exhibit A is a copy of the Complaint in the State Court Action.

WHERFORE DEFENDANT REMOVES the State Court Action from the State Court to this Court, and, subject to paragraph 8 above, simultaneously requests that said action be referred to the Bankruptcy Court for the District of Massachusetts.

Dated: August 27, 2004

                               RICCARDO OLIVIERI
                               By his attorneys,

                               Richard L. Levine (BBO#297040)
                               Kenneth J. DeMoura (BBO#548910)
                               ADLER POLLOCK & SHEEHAN
                               175 Federal Street
                               Boston, MA 02110
                               Tel: (617) 603-0556
                               Fax: (617) 482-0604
                               rlevine@apslaw.com

### CERTIFICATE OF SERVICE

I certify that this date I served a copy of the foregoing by hand on Anthony M. Feeherry, Esq., Goodwin Procter, Exchange Place, Boston, MA 02109.

                               Richard L. Levine

August 27, 2004

308441_1.doc



COMMONWEALTH OF MASSACHUSETTS
BUSINESS LITIGATION SESSION

SUFFOLK, ss.                                                    SUPERIOR COURT DEPARTMENT
                                                                OF THE TRIAL COURT

FIDELITY MANAGEMENT TRUST
COMPANY, as Collateral Agent for Mellon
Bank, N.A., as Trustee of Bell Atlantic Master
Trust with Respect to Account C

        Plaintiff,                                       Civil Action No. 04-3161

        v.                                                RECEIVED
                                                                JUL 15 2004
RICCARDO OLIVIERI, an individual                                SUPERIOR COURT - CIVIL
                                                                MICHAEL JOSEPH DONOVAN
        Defendant.                                       CLERK / MAGISTRATE

## COMPLAINT TO ENFORCE GUARANTY

Plaintiff Fidelity Management Trust Company ("Fidelity" or the "Collateral Agent"), in its Complaint against Defendant Riccardo Olivieri in his individual capacity (sometimes referred to as the "Guarantor"), alleges and states as follows:

### INTRODUCTION

1. This action arises out of Mr. Olivieri's failure to perform certain guaranty obligations pursuant to a valid, binding and enforceable guaranty agreement (as more specifically defined herein, the "Guaranty") made by Mr. Olivieri for the benefit of Bankers Trust Company, predecessor in interest to Mellon Bank, N.A., as Trustee of the GTE Service Corporation Plan for Employees' Pension Trust with respect to Account No. 176230, *n/k/a* the Bell Atlantic Master Trust with respect to Account C (the "Purchasers") to which Fidelity serves as Collateral Agent. Fidelity accordingly seeks to recover the monetary value of Mr. Olivieri's guaranty due to the Purchasers under the terms of the Guaranty, on the grounds that Mr.



Olivieri's ongoing failure to honor his financial obligations under the Guaranty is a substantial and material breach of the Guaranty.

## PARTIES

2.  Plaintiff Fidelity Management Trust Company is a Massachusetts trust company with a principal place of business at 82 Devonshire Street, E15C, Boston, Massachusetts 02109.

3.  Defendant Riccardo Olivieri is an Italian citizen with a last known address at 510 Ocean Drive, Miami Beach, Florida 33139.

## JURISDICTION AND VENUE

4.  This Court has subject matter jurisdiction over this action pursuant to M.G.L. ch. 212, § 4, because it is a civil action with an amount in controversy in excess of $25,000.

5.  Venue is proper before this Court pursuant to M.G.L. ch. 223, § 1 and by virtue of the forum selection clause contained in the Guaranty, and this Court has personal jurisdiction over Mr. Olivieri, also by virtue of the forum selection clause contained in the Guaranty, which provides:

> Each Guarantor hereby irrevocably submits, for itself and in respect of its assets and property, generally and unconditionally, at the election of the Collateral Agent, to the jurisdiction of the courts of The Commonwealth of Massachusetts or of the United States of America for The Commonwealth of Massachusetts over any suit, action or proceeding arising out of or relating to this Guaranty. Each Guarantor irrevocably waives, to the fullest extent permitted by law, any objection which it may now or hereafter have to the venue or jurisdiction of any such suit, action or proceeding brought in any such court, including, without limitation, that any such suit, action or proceeding brought in any such court claim has been brought in an inconvenient forum.

*See* Guaranty at § 17, a true and correct copy of which is attached as <u>Exhibit A</u> hereto.

6. Moreover, this Court also has personal jurisdiction over Mr. Olivieri because the claims at issue arise out of the transaction of business between Fidelity and the Purchasers and Mr. Olivieri in Massachusetts.

## FACTUAL ALLEGATIONS

### Construction Of The Bentley Bay Condominiums

7. Mr. Olivieri is president of Bentley Bay G.P. Corp. ("Bentley Bay"), a Florida corporation. Bentley Bay, in turn, is the general partner of Florida Development Associates, Ltd. ("FDA" or the "Issuer"), a Florida limited partnership. Bentley Bay owns one percent of FDA.

8. In or around 2000, FDA undertook plans to construct luxury high rise condominiums in Miami Beach, Florida. The two buildings that comprise the condominium project are commonly known as the Bentley Bay condominiums.

9. In order to secure sufficient financing to construct the Bentley Bay condominiums, on or about December 6, 2000, FDA obtained a construction loan from Colonial Bank, an Alabama bank, in the amount of $48,000,000. The loan was secured by a mortgage on the Bentley Bay condominium buildings and property. On the same day, FDA also entered into a series of transactions and agreements with the Purchasers and with Fidelity acting as investment agent and Collateral Agent on behalf of the Purchasers. These transactions and agreements included (i) a Securities Purchase Agreement, (ii) a Promissory Note (the "Note"), (iii) a Pledge Agreement, and (iv) the Guaranty (collectively, the "Transaction Documents.") True and correct copies of the Securities Purchase Agreement, the Note, and the Pledge Agreement are attached hereto as Exhibits B, C, and D, respectively. Mr. Olivieri was a party to both the Securities Purchase Agreement and the Guaranty in his individual capacity.

3

*The Securities Purchase Agreement and the Note*

10. The parties to the Securities Purchase Agreement were FDA, Mr. Olivieri, and the Purchasers. By way of the Securities Purchase Agreement, FDA authorized the issuance and sale to the Purchasers of up to $14,500,000 of Notes. The Securities Purchase Agreement further provided that all interests of the Purchasers in or with respect to the collateral for the Notes would be held by a Collateral Agent for the benefit of the Purchasers and further provided that Fidelity would act as initial Collateral Agent for such purpose.

11. Pursuant to the terms of the Securities Purchase Agreement, FDA, as maker, issued the Note, with a face value of $14,500,000 to the Purchasers as the Note holders.

*The Guaranty and FDA's Chapter 11 Bankruptcy Filing*

12. Mr. Olivieri in his individual capacity executed the Guaranty as a Guarantor in favor of Fidelity and the Purchasers. Section one of the Guaranty sets forth the scope of that guaranty:

> Subject to the provisions of Section 2 below, each Guarantor hereby irrevocably and unconditionally guaranties to the Collateral Agent and to the Purchasers and their successors and assigns, prompt and full payment and performance when due of all of the Issuer's present and future indebtedness and obligations to the Collateral Agent and the Purchasers under the Transaction Documents, including all principal and interest thereunder.

*See* Guaranty at § 1.

13. Section two of the Guaranty further provided "[u]pon the occurrence of a Full Recourse Event, each Guarantor shall be jointly and severally liable for all of the Obligations of

4

the Issuer under the Transaction Documents." *See* Guaranty at § 2. "Obligations" are defined as:

> prompt and full payment and performance when due of all of the Issuer's present and future indebtedness and obligations to the Collateral Agent and the Purchasers under the Transaction Documents, including all principal and interest thereunder.

*Id* at § 1.

14. The Guaranty further defines a "Full Recourse Event" *inter alia* as the following:

> (f) if the Issuer…without prior written consent of the Authorized Holders …(iii) commences, seeks relief under, consents to, or cooperates with any bankruptcy, insolvency, reorganization, arrangement, readjustment of debt, dissolution, custodianship, conservatorship, liquidation, rehabilitation, or similar proceeding relating to it, all or any part of its debt…

*See* Guaranty at § 2(f).

15. On March 12, 2004 (the "Petition Date"), FDA filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Florida.

16. FDA's bankruptcy filing is a Full Recourse Event under § 2 of the Guaranty. Accordingly, Mr. Olivieri, as a Guarantor under the Guaranty, is jointly and severally liable for all of the Obligations of FDA under the Transaction Documents

17. On July 31, 2003, FDA failed to make its scheduled payment to the Purchasers pursuant to § 3.2 of the Note. The scheduled payment was to be in the amount of $253,750. After FDA failed to make such payment, pursuant to § 5.1 of the Note, certain late charges were applied to the amounts due and owing from FDA to the Purchasers and, pursuant to § 5.4 of the Note, interest commenced to accrue at a default interest rate. As of the Petition Date, FDA owed

5

the Purchasers principal, base interest, default interest charges, late charges calculated pursuant to the terms of the Note and costs of collection.

18.  The Note has a maturity date of December 6, 2003 and accordingly the Note is due and owing, in its entirety, to the Purchasers.

19.  Pursuant to § 2 of the Guaranty, Mr. Olivieri is jointly and severally liable for the entire amount owed by FDA to the Purchasers.

### COUNT I
### Claim on the Guaranty
### Principal and Accrued Interest

20.  Fidelity realleges paragraphs 1 through 19.

21.  The Guaranty is valid, binding, and enforceable against Mr. Olivieri.

22.  Any and all conditions precedent to Mr. Olivieri's obligations under the Guaranty have been satisfied.

23.  Mr. Olivieri has wrongfully refused to pay the principal and base interest due and payable as of March 12, 2004 from FDA to the Purchasers pursuant to the Note.

### COUNT II
### Claim on the Guaranty
### Late Charge

24.  Fidelity realleges paragraphs 1 through 23.

25.  The Guaranty is valid, binding, and enforceable against Mr. Olivieri.

26.  Any and all conditions precedent to Mr. Olivieri's obligations under the Guaranty have been satisfied.

27. Mr. Olivieri has wrongfully refused to pay the late charge due and payable as of March 12, 2004 from FDA to the Purchasers pursuant to the Note.

## COUNT III
### Claim on the Guaranty
### Accrued Default Interest

28. Fidelity realleges paragraphs 1 through 27.

29. The Guaranty is valid, binding, and enforceable against Mr. Olivieri.

30. Any and all conditions precedent to Mr. Olivieri's obligations under the Guaranty have been satisfied.

31. Mr. Olivieri has wrongfully refused to pay the accrued default interest due and payable as of March 12, 2004 from FDA to the Purchasers pursuant to the Note.

## COUNT IV
### Claim on the Guaranty
### Collection Costs

32. Fidelity realleges paragraphs 1 through 31.

33. The Guaranty is valid, binding, and enforceable against Mr. Olivieri.

34. Any and all conditions precedent to Mr. Olivieri's obligations under the Guaranty have been satisfied.

35. Mr. Olivieri has wrongfully refused to pay the costs the Purchasers have incurred in connection with their efforts to compel Mr. Olivieri to perform his guaranty obligations under the Guaranty.

## COUNT V
### Claim on the Guaranty
### Mr. Olivieri's Continuing Obligations Under The Guaranty

36. Fidelity realleges paragraphs 1 through 35.

37. The Guaranty is valid, binding, and enforceable against Mr. Olivieri.

38. Any and all conditions precedent to Mr. Olivieri's obligations under the Guaranty have been satisfied.

39. FDA, by virtue of its defaults under the Note, continues to accrue principal, base interest, default interest charges, late charges calculated pursuant to the terms of the Note and costs of collection. Such amounts are due and owing to the Purchasers.

40. Mr. Olivieri owes such additional amounts to the Purchasers pursuant to his obligations under the Guaranty, in an amount to be determined at trial.

WHEREFORE, Fidelity respectfully requests that this Court award (1) actual damages for principal and accrued interest, late charges, accrued default interest, collection costs and Mr. Olivieri's continuing obligations under the Guaranty; (2) attorney's fees; and (3) any other and further relief as this Court deems just.

> Respectfully submitted,
>
> PLAINTIFF FIDELITY MANAGEMENT TRUST COMPANY, as Collateral Agent for Mellon Bank, N.A., as Trustee of Bell Atlantic Master Trust
>
> By its attorneys,
>
> /s/ Smith
> Anthony M. Feeherry, P.C. (BBO # 160860)
> Brian H. Mukherjee, Esq. (BBO #643954)
> GOODWIN PROCTER LLP
> Exchange Place
> Boston, MA 02109-2881
> 617.570.1000

July 15, 2004

LIBA/1369008.6

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
FIDELITY MANAGEMENT TRUST COMPANY

**DEFENDANTS**
RICCARDO OLIVIERI

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** SUFFOLK
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** N/A - NON-MASS
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
ANTHONY M. FEEHERRY
GOODWIN PROCTER LLP
EXCHANGE PLACE
BOSTON, MA 02109

**ATTORNEYS (IF KNOWN)**
KENNETH J. DEMOURA
RICHARD L. LEVINE
ADLER POLLOCK + SHEEHAN
175 FEDERAL ST, BOSTON MA 02110

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☒ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury -- Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury -- Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce/ICC Rates/etc. |
| 150 Recovery of Overpayment & Enforcement of Judgment | | ☐ 640 R.R. & Truck | | ☐ 460 Deportation |
| 151 Medicare Act | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| 160 Stockholders' Suits | PERSONAL PROPERTY | | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☒ 190 Other Contract | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | LABOR | SOCIAL SECURITY | ☐ 891 Agricultural Acts |
| 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| REAL PROPERTY | CIVIL RIGHTS / ☐ 385 Property Damage Product Liability | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| 210 Land Condemnation | | PRISONER PETITIONS | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| 220 Foreclosure | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| 230 Rent Lease & Ejectment | ☐ 442 Employment | HABEAS CORPUS: | | |
| 240 Torts to Land | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 740 Railway Labor Act | FEDERAL TAX SUITS |
| 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc Security Act | ☐ 871 IRS Third Party 26 USC 7609 |
| | | ☐ 550 Civil Rights | | ☐ 950 Constitutionality of State Statutes |
| | | ☐ 555 Prison Condition | | ☐ 890 Other Statutory Actions |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
SUIT ON GUARANTY 1) DIVERSITY: 28 USC §1332(a)(2)
2) RELATED TO BANKRUPTCY

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE 8/27/04
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) **FIDELITY MANAGEMENT TRUST COMPANY v. RICCARDO OLIVIERI**

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   __ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   __ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
           740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.       for patent, trademark or copyright cases

   **140** III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
           315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
           380, 385, 450, 891.

   __ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
           690, 810, 861-865, 870, 871, 875, 900.

   __ V.   150, 152, 153.

   **04-11878-JLT**

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
   YES __   **NO**

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)
   YES __   **NO**

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
   YES __   NO __

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?
   YES __   **NO**

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).
   **YES**   NO __

   A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?
      **EASTERN DIVISION**    CENTRAL DIVISION    WESTERN DIVISION

   B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?
      EASTERN DIVISION    CENTRAL DIVISION    WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME **KENNETH J. DEMOURA**
ADDRESS **ADLER POLLOCK + SHEEHAN, 175 FEDERAL ST BOSTON MA 02109**
TELEPHONE NO. **615 482 0600**

(Cover sheet local.wpd - 11/27/00)