MAS-20030912
leakes

**Commonwealth of Massachusetts**
SUFFOLK SUPERIOR COURT
Case Summary
Civil Docket

08/31/2004
04:11 PM

# SUCV2004-03161
## Fidelity Management Trust Co v Olivieri

| | | | | | |
|---|---|---|---|---|---|
| File Date | 07/15/2004 | Status | Disposed: transfered to other court (dtrans) | | |
| Status Date | 08/31/2004 | Session | BLS2 - CtRm 20 | | |
| Origin | 1 | Case Type | BE1 - Fraud, business torts, etc | | |
| Lead Case | | Track | B | | |

| | | | | | |
|---|---|---|---|---|---|
| Service | | Answer | | Rule12/19/20 | |
| Rule 15 | | Discovery | | Rule 56 | |
| Final PTC | | Disposition | | Jury Trial | No |

### PARTIES

**Plaintiff**
Fidelity Management Trust Co
Active 07/15/2004

**Private Counsel 160860**
Anthony M Feeherry
Goodwin Procter
53 State Street
Exchange Place
Boston, MA 02109
Phone: 617-570-1000
Fax: 617-523-1231
Active 07/15/2004 Notify

**Private Counsel 643954**
Brian H Mukherjee
Goodwin Procter
53 State Street
Exchange Place
Boston, MA 02109
Phone: 617-570-1000
Fax: 617-523-1231
Active 07/15/2004 Notify

**Defendant**
Riccardo  Olivieri
Served: 07/27/2004
Served (answr pending) 08/09/2004

**Private Counsel 297040**
Richard L Levine
Adler Pollock & Sheehan
175 Federal Street
Boston, MA 02110-2890
Phone: 617-603-0556
Fax:
Active 08/31/2004 Notify

**Private Counsel 548910**
Kenneth J DeMoura
Adler Pollock & Sheehan
175 Federal Street
Boston, MA 02110-2890
Phone: 617-482-0600
Fax: 617-482-0604
Active 08/31/2004 Notify

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 07/15/2004 | 1.0 | Complaint (Business) |

case01 240062 y y y y y y

**Commonwealth of Massachusetts**
**SUFFOLK SUPERIOR COURT**
Case Summary
Civil Docket

## SUCV2004-03161
### Fidelity Management Trust Co v Olivieri

| Date | Paper | Text |
|------|-------|------|
| 07/15/2004 | | Origin 1, Type BE1, Track B. |
| 07/15/2004 | 2.0 | Civil action cover sheet filed |
| 07/26/2004 | 3.0 | Notice of Acceptance into Business Litigation Session    (van Gestel,J)  Notice Sent  7/21/04 (entered  7/19/04) |
| 08/09/2004 | 4.0 | Affidavit of compliance with long-arm statute with proof of service on out of state defendant Riccardo Olivieri |
| 08/27/2004 | | Certified Copy of Petition for removal of deft to US Dist court  (US Dist#04-11873JLT) |
| 08/31/2004 | | Case REMOVED this date to US District Court of Massachusetts |

**EVENTS**

I HEREBY ATTEST AND CERTIFY ON

Sept. 1, 2004, THAT THE

FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY
Asst. Clerk.

COMMONWEALTH OF MASSACHUSETTS
BUSINESS LITIGATION SESSION

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT

FIDELITY MANAGEMENT TRUST
COMPANY, as Collateral Agent for Mellon
Bank, N.A., as Trustee of Bell Atlantic Master
Trust with Respect to Account C

Plaintiff,

v.

RICCARDO OLIVIERI, an individual

Defendant.

Civil Action No. 04-316? B₂LS

## COMPLAINT TO ENFORCE GUARANTY

Plaintiff Fidelity Management Trust Company ("Fidelity" or the "Collateral Agent"), in its Complaint against Defendant Riccardo Olivieri in his individual capacity (sometimes referred to as the "Guarantor"), alleges and states as follows:

## INTRODUCTION

1.      This action arises out of Mr. Olivieri's failure to perform certain guaranty obligations pursuant to a valid, binding and enforceable guaranty agreement (as more specifically defined herein, the "Guaranty") made by Mr. Olivieri for the benefit of Bankers Trust Company, predecessor in interest to Mellon Bank, N.A., as Trustee of the GTE Service Corporation Plan for Employees' Pension Trust with respect to Account No. 176230, *n/k/a* the Bell Atlantic Master Trust with respect to Account C (the "Purchasers") to which Fidelity serves as Collateral Agent.  Fidelity accordingly seeks to recover the monetary value of Mr. Olivieri's guaranty due to the Purchasers under the terms of the Guaranty, on the grounds that Mr.

Olivieri's ongoing failure to honor his financial obligations under the Guaranty is a substantial and material breach of the Guaranty.

## PARTIES

2.    Plaintiff Fidelity Management Trust Company is a Massachusetts trust company with a principal place of business at 82 Devonshire Street, E15C, Boston, Massachusetts 02109.

3.    Defendant Riccardo Olivieri is an Italian citizen with a last known address at 510 Ocean Drive, Miami Beach, Florida 33139.

## JURISDICTION AND VENUE

4.    This Court has subject matter jurisdiction over this action pursuant to M.G.L. ch. 212, § 4, because it is a civil action with an amount in controversy in excess of $25,000.

5.    Venue is proper before this Court pursuant to M.G.L. ch. 223, § 1 and by virtue of the forum selection clause contained in the Guaranty, and this Court has personal jurisdiction over Mr. Olivieri, also by virtue of the forum selection clause contained in the Guaranty, which provides:

> Each Guarantor hereby irrevocably submits, for itself and in respect of its assets and property, generally and unconditionally, at the election of the Collateral Agent, to the jurisdiction of the courts of The Commonwealth of Massachusetts or of the United States of America for The Commonwealth of Massachusetts over any suit, action or proceeding arising out of or relating to this Guaranty. Each Guarantor irrevocably waives, to the fullest extent permitted by law, any objection which it may now or hereafter have to the venue or jurisdiction of any such suit, action or proceeding brought in any such court, including, without limitation, that any such suit, action or proceeding brought in any such court claim has been brought in an inconvenient forum.

*See* Guaranty at § 17, a true and correct copy of which is attached as Exhibit A hereto.

6.     Moreover, this Court also has personal jurisdiction over Mr. Olivieri because the claims at issue arise out of the transaction of business between Fidelity and the Purchasers and Mr. Olivieri in Massachusetts.

## FACTUAL ALLEGATIONS

### Construction Of The Bentley Bay Condominiums

7.     Mr. Olivieri is president of Bentley Bay G.P. Corp. ("Bentley Bay"), a Florida corporation. Bentley Bay, in turn, is the general partner of Florida Development Associates, Ltd. ("FDA" or the "Issuer"), a Florida limited partnership. Bentley Bay owns one percent of FDA.

8.     In or around 2000, FDA undertook plans to construct luxury high rise condominiums in Miami Beach, Florida. The two buildings that comprise the condominium project are commonly known as the Bentley Bay condominiums.

9.     In order to secure sufficient financing to construct the Bentley Bay condominiums, on or about December 6, 2000, FDA obtained a construction loan from Colonial Bank, an Alabama bank, in the amount of $48,000,000. The loan was secured by a mortgage on the Bentley Bay condominium buildings and property. On the same day, FDA also entered into a series of transactions and agreements with the Purchasers and with Fidelity acting as investment agent and Collateral Agent on behalf of the Purchasers. These transactions and agreements included (i) a Securities Purchase Agreement, (ii) a Promissory Note (the "Note"), (iii) a Pledge Agreement, and (iv) the Guaranty (collectively, the "Transaction Documents.") True and correct copies of the Securities Purchase Agreement, the Note, and the Pledge Agreement are attached hereto as Exhibits B, C, and D, respectively. Mr. Olivieri was a party to both the Securities Purchase Agreement and the Guaranty in his individual capacity.

3

*The Securities Purchase Agreement and the Note*

10.    The parties to the Securities Purchase Agreement were FDA, Mr. Olivieri, and the Purchasers. By way of the Securities Purchase Agreement, FDA authorized the issuance and sale to the Purchasers of up to $14,500,000 of Notes. The Securities Purchase Agreement further provided that all interests of the Purchasers in or with respect to the collateral for the Notes would be held by a Collateral Agent for the benefit of the Purchasers and further provided that Fidelity would act as initial Collateral Agent for such purpose.

11.    Pursuant to the terms of the Securities Purchase Agreement, FDA, as maker, issued the Note, with a face value of $14,500,000 to the Purchasers as the Note holders.

*The Guaranty and FDA's Chapter 11 Bankruptcy Filing*

12.    Mr. Olivieri in his individual capacity executed the Guaranty as a Guarantor in favor of Fidelity and the Purchasers. Section one of the Guaranty sets forth the scope of that guaranty:

> Subject to the provisions of Section 2 below, each Guarantor hereby irrevocably and unconditionally guaranties to the Collateral Agent and to the Purchasers and their successors and assigns, prompt and full payment and performance when due of all of the Issuer's present and future indebtedness and obligations to the Collateral Agent and the Purchasers under the Transaction Documents, including all principal and interest thereunder.
>
> *See* Guaranty at § 1.

13.    Section two of the Guaranty further provided "[u]pon the occurrence of a Full Recourse Event, each Guarantor shall be jointly and severally liable for all of the Obligations of

4

the Issuer under the Transaction Documents." *See* Guaranty at § 2. "Obligations" are defined as:

> prompt and full payment and performance when due of all of the Issuer's present and future indebtedness and obligations to the Collateral Agent and the Purchasers under the Transaction Documents, including all principal and interest thereunder.

*Id* at § 1.

14.    The Guaranty further defines a "Full Recourse Event" *inter alia* as the following:

> (f) if the Issuer…without prior written consent of the Authorized Holders …(iii) commences, seeks relief under, consents to, or cooperates with any bankruptcy, insolvency, reorganization, arrangement, readjustment of debt, dissolution, custodianship, conservatorship, liquidation, rehabilitation, or similar proceeding relating to it, all or any part of its debt…

*See* Guaranty at § 2(f).

15.    On March 12, 2004 (the "Petition Date"), FDA filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Florida.

16.    FDA's bankruptcy filing is a Full Recourse Event under § 2 of the Guaranty. Accordingly, Mr. Olivieri, as a Guarantor under the Guaranty, is jointly and severally liable for all of the Obligations of FDA under the Transaction Documents

17.    On July 31, 2003, FDA failed to make its scheduled payment to the Purchasers pursuant to § 3.2 of the Note. The scheduled payment was to be in the amount of $253,750. After FDA failed to make such payment, pursuant to § 5.1 of the Note, certain late charges were applied to the amounts due and owing from FDA to the Purchasers and, pursuant to § 5.4 of the Note, interest commenced to accrue at a default interest rate. As of the Petition Date, FDA owed

the Purchasers principal, base interest, default interest charges, late charges calculated pursuant to the terms of the Note and costs of collection.

18.    The Note has a maturity date of December 6, 2003 and accordingly the Note is due and owing, in its entirety, to the Purchasers.

19.    Pursuant to § 2 of the Guaranty, Mr. Olivieri is jointly and severally liable for the entire amount owed by FDA to the Purchasers.

## COUNT I
### Claim on the Guaranty
### Principal and Accrued Interest

20.    Fidelity realleges paragraphs 1 through 19.

21.    The Guaranty is valid, binding, and enforceable against Mr. Olivieri.

22.    Any and all conditions precedent to Mr. Olivieri's obligations under the Guaranty have been satisfied.

23.    Mr. Olivieri has wrongfully refused to pay the principal and base interest due and payable as of March 12, 2004 from FDA to the Purchasers pursuant to the Note.

## COUNT II
### Claim on the Guaranty
### Late Charge

24.    Fidelity realleges paragraphs 1 through 23.

25.    The Guaranty is valid, binding, and enforceable against Mr. Olivieri.

26.    Any and all conditions precedent to Mr. Olivieri's obligations under the Guaranty have been satisfied.

27.    Mr. Olivieri has wrongfully refused to pay the late charge due and payable as of March 12, 2004 from FDA to the Purchasers pursuant to the Note.

## COUNT III
### Claim on the Guaranty
### Accrued Default Interest

28.    Fidelity realleges paragraphs 1 through 27.

29.    The Guaranty is valid, binding, and enforceable against Mr. Olivieri.

30.    Any and all conditions precedent to Mr. Olivieri's obligations under the Guaranty have been satisfied.

31.    Mr. Olivieri has wrongfully refused to pay the accrued default interest due and payable as of March 12, 2004 from FDA to the Purchasers pursuant to the Note.

## COUNT IV
### Claim on the Guaranty
### Collection Costs

32.    Fidelity realleges paragraphs 1 through 31.

33.    The Guaranty is valid, binding, and enforceable against Mr. Olivieri.

34.    Any and all conditions precedent to Mr. Olivieri's obligations under the Guaranty have been satisfied.

35.    Mr. Olivieri has wrongfully refused to pay the costs the Purchasers have incurred in connection with their efforts to compel Mr. Olivieri to perform his guaranty obligations under the Guaranty.

7

## COUNT V
### Claim on the Guaranty
### Mr. Olivieri's Continuing Obligations Under The Guaranty

36.    Fidelity realleges paragraphs 1 through 35.

37.    The Guaranty is valid, binding, and enforceable against Mr. Olivieri.

38.    Any and all conditions precedent to Mr. Olivieri's obligations under the Guaranty have been satisfied.

39.    FDA, by virtue of its defaults under the Note, continues to accrue principal, base interest, default interest charges, late charges calculated pursuant to the terms of the Note and costs of collection.  Such amounts are due and owing to the Purchasers.

40.    Mr. Olivieri owes such additional amounts to the Purchasers pursuant to his obligations under the Guaranty, in an amount to be determined at trial.

8

WHEREFORE, Fidelity respectfully requests that this Court award (1) actual damages for principal and accrued interest, late charges, accrued default interest, collection costs and Mr. Olivieri's continuing obligations under the Guaranty; (2) attorney's fees; and (3) any other and further relief as this Court deems just.

Respectfully submitted,

PLAINTIFF FIDELITY MANAGEMENT TRUST COMPANY, as Collateral Agent for Mellon Bank, N.A., as Trustee of Bell Atlantic Master Trust

By its attorneys,

Anthony M. Feeberry, P.C. (BBO # 160860)
Brian H. Mukherjee, Esq. (BBO #643954)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109-2881
617.570.1000

**. HEREBY ATTEST AND CERTIFY ON**
**Sept. 1, 2004 THAT THE**
**FOREGOING DOCUMENT IS A FULL,**
**TRUE AND CORRECT COPY OF THE**
**ORIGINAL ON FILE IN MY OFFICE,**
**AND IN MY LEGAL CUSTODY.**

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY Asst. Clerk.

July 15, 2004

LIBA/1369008.6

9