IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FIDELITY MANAGEMENT TRUST COMPANY, as Collateral Agent for Mellon Bank, N.A., as Trustee of Bell Atlantic Master Trust with Respect to Account C<br><br>    Plaintiff,<br> v.<br><br>RICCARDO OLIVIERI, an individual<br><br>    Defendant. | )<br>)<br>)<br>)<br>) Civil Action No. 04-cv-11873 NMG<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## FIDELITY MANAGEMENT TRUST COMPANY'S MOTION TO VACATE REMOVAL AND FOR REMAND

  Plaintiff Fidelity Management Trust Company ("Fidelity"), as collateral agent and investment manager and not individually, on behalf of Mellon Bank, N.A. ("Mellon"), as Trustee of the GTE Service Corporation Plan for Employees' Pensions Trust with respect to Account No. 176230 ("GTE Pensions Trust"), *n/k/a* the Bell Atlantic Master Trust with respect to Account C ("Bell Atlantic Master Trust," collectively with GTE Service Corporation, "Purchasers") hereby moves for an Order remanding the above captioned matter back to the Business Litigation Session of the Superior Court for the Commonwealth of Massachusetts.

  Fidelity has brought suit against Defendant Riccardo Olivieri in that court pursuant to a valid and binding forum selection clause contained in the guaranty agreement (the "Guaranty") between the parties. Further, a bankruptcy court[1] lacks jurisdiction over the State Court Action and, in any case, equity and judicial efficiency require remand. As outlined in more detail in

---

[1]  While the case is docketed in the United States District Court for the District of Massachusetts, Mr. Olivieri claims to be removing the case "simultaneously to the Bankruptcy Court for the District of Massachusetts"

Fidelity's Memorandum of Law in Support of Motion to Vacate Removal and For Remand, the State Court Action should be remanded for the following reasons:

1. Under the forum selection clause of the Guaranty, Fidelity has the right to bring any suit arising out of the Guaranty in either the courts of the Commonwealth of Massachusetts or the courts of the United States for the Commonwealth of Massachusetts. By entering into the Guaranty with Fidelity, Mr. Olivieri waived any right to challenge Fidelity's selection of forum. Further, Mr. Olivieri has failed to demonstrate that the forum selection clause is unreasonable.

2. The action between Fidelity and Mr. Olivieri is a guaranty action between two non-debtors and is not a "core" proceeding under 28 U.S.C. § 157. Mr. Olivieri has conceded as much. See Notice of Removal at ¶ 7. That State Court Action was filed to determine Mr. Olivieri's liability under the Guaranty, a simple matter of Massachusetts law which has nothing to do with bankruptcy law.

3. A bankruptcy court lacks "related to" jurisdiction over this non-core matter. The outcome of the State Court Action, a guaranty action, will not affect the administration of Florida Development Associates, Ltd. ("FDA")'s bankruptcy currently pending in the Southern District of Florida. In the State Court Action, Fidelity seeks a judgment that Mr. Olivieri is liable under the Guaranty; that determination will not effect FDA, FDA's bankruptcy estate or its creditors.

4. Finally, equity and efficiency clearly compel remand. Fidelity chose Massachusetts Superior Court as the forum for this matter under a forum selection clause which Mr. Olivieri freely and expressly agreed to as part of the Guaranty. By removing the State Court Action, Mr. Olivieri attempts to put before a bankruptcy court a garden variety contract case with no application of bankruptcy law at issue.

---

with the intention of transferring the case to the United States Bankruptcy Court for the Southern District of Florida. Notice of Removal at 1 and ¶ 8.

For the reasons outlined above and detailed further in its supporting memorandum, Fidelity requests this Court to grant its Motion to Vacate Removal and for Remand of the State Court Action to the Business Litigation Session of the Superior Court for the Commonwealth of Massachusetts.

### REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(D), counsel for Fidelity hereby requests oral argument on the issues raised in this Motion.

Respectfully submitted,

/s/ Brian H. Mukherjee
Anthony M. Feeherry, P.C. (BBO # 160860)
Brian H. Mukherjee, Esq. (BBO # 643954)
GOODWIN PROCTER LLP
Exchange Place
Boston, Massachusetts  02109
Telephone:  617-570-1000
Facsimile: 617-523-1231

Attorneys for Fidelity Management Trust Company, as Investment Manager and Collateral Agent and not Individually

Dated:  September 21, 2004

### LOCAL RULE 7.1A(2) CERTIFICATION

Pursuant to Local Rule 7.1(A)(2), counsel for Fidelity conferred with counsel for Riccardo Olivieri in a good faith effort to determine whether defendant would assent to this Motion.  The issues could not be resolved or narrowed and counsel for Mr. Olivieri declined to assent to the Motion.

Dated:  September 21, 2004                /s/ Brian H. Mukherjee