UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**FIDELITY MANAGEMENT TRUST COMPANY**, as Collateral Agent for Mellon Bank, N.A., as Trustee of Bell Atlantic Master Trust with Respect to Account C,

      **Plaintiff,**

v.

**RICCARDO OLIVIERI**, an individual,

      **Defendant.**

Civil Action No. 04-cv-11873 NMG

**DEFENDANT'S MOTION FOR PROCEDURAL ORDER WITH RESPECT TO FILING ANSWER OR OTHER RESPONSIVE PLEADING**

The Defendant moves that the time that he must respond to the Complaint be extended until twenty days after this Court rules on Plaintiff's Motion for Remand and on the anticipated Defendant's Motion for Transfer of Venue.

As grounds for this motion, the Defendant states:

1.  This action was originally filed on July 15, 2004 in the Massachusetts Superior Court and removed to this Court on August 24, 2004.

2.  The Plaintiff has assented to a motion to extend the time for filing an answer or other responsive pleading to October 8, 2004 that was filed today with the Court.

3.  On September 22, 2004, the Plaintiff filed a "Motion to Vacate Removal and for Remand." Defendant must object to that motion on or before October 7, 2004.

4.  Defendant intends to file a motion to transfer venue of this matter to the United States Bankruptcy Court for the Southern District of Florida, where related Bankruptcy actions are pending ("Florida Bankruptcy Proceedings"), and where the issues raised in Fidelity's

Complaint are already the subject matter of a pending adversary proceeding. These other actions have been described more fully in the Notice of Removal dated August 27, 2004, and in the "Assented to Motion for Enlargement of Time to Respond to Plaintiff's Complaint" dated September 3, 2004.

5. It would be a waste of judicial resources and the litigants' resources for Defendant to respond to the Complaint before Court rules upon the Plaintiff's Motion to Vacate Removal and for Remand and the Defendant's Motion to Transfer Venue. The issues raised in the Complaint may become part of Florida Bankruptcy Proceedings. Conversely, if the Plaintiff's Motion is allowed, then any response to the Complaint will have to be formulated pursuant to the rules and practices of the Massachusetts Trial Court.

6. The relief requested will not prejudice any party, and will facilitate the efficient administration of this case.

WHEREFORE, Defendant moves that the Court extend the time within which Defendant must answer or otherwise respond to the Complaint until twenty days after the Court rules on Plaintiff's Motion to Vacate Removal and for Remand and the Defendant's Motion to Transfer Venue.

    RICCARDO OLIVIERI
    By his attorneys,

    /s/ Kenneth J. DeMoura
    Richard L. Levine (BBO#297040)
    Kenneth J. DeMoura (BBO#548910)
    ADLER POLLOCK & SHEEHAN
    175 Federal Street
    Boston, MA  02110
    (617) 482-0600

Dated: September 23, 2004

*308268_1*