IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FIDELITY MANAGEMENT TRUST ) <br> COMPANY, as Collateral Agent for Mellon ) <br> Bank, N.A., as Trustee of Bell Atlantic Master ) <br> Trust with Respect to Account C ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> RICCARDO OLIVIERI, an individual ) <br> ) <br> Defendant. ) <br> ) <br> ) <br> ) <br> ) | Civil Action No. 04-cv-11873 NMG |

## **FIDELITY MANAGEMENT TRUST COMPANY'S OPPOSITION TO DEFENDANT'S MOTION FOR PROCEDURAL ORDER WITH RESPECT TO FILING ANSWER OR OTHER RESPONSIVE PLEADINGS**

Plaintiff Fidelity Management Trust Company ("Fidelity"), as collateral agent and investment manager and not individually, on behalf of Mellon Bank, N.A., as Trustee of the GTE Service Corporation Plan for Employees' Pensions Trust with respect to Account No. 176230 ("GTE Pensions Trust"), *n/k/a* the Bell Atlantic Master Trust with respect to Account C ("Bell Atlantic Master Trust") hereby opposes Defendant Riccardo Olivieri's Motion for Procedural Order with Respect to Filing Answer or Other Responsive Pleadings.

*Background*

Bell Atlantic filed suit against Mr. Olivier on July 15, 2004 in the Business Litigation Session in Suffolk Superior Court, over two and a half months ago. After being served with a copy of the complaint, Mr. Olivier requested and received from Fidelity an extension of time to respond to the complaint and then removed the case to this Court on August 27, 2004. Mr. Olivieri then requested and received from Fidelity another extension to September 24, 2004 to

answer the complaint.  On September 24, 2004, Mr. Olivier requested yet again an extension to answer the complaint, this time to October 8, 2004.  Fidelity agreed to that extension.  Most recently, Fidelity gave Mr. Olivier yet another extension until October 18, 2004 to answer the complaint.

*Mr. Olivieri Needs To File An Answer No Matter Where This Matter Is Heard*

     Mr. Olivieri should not be allowed to use the removal issue as a back door approach to stay all proceedings and block this litigation from going forward.  This matter is simply a suit on a guaranty and involves purely state law claims.  Mr. Olivier would be required to file an answer to Fidelity's complaint *regardless* of where this suit is currently pending.  *See e.g. Dutchen v. Ecological Science Corp.*, 54 F.R.D. 493, 497 (S.D.N.Y. 1972) (answer required to be filed in court of original jurisdiction prior to case transfer).  Thus, Mr. Olivieri's contention that answering the complaint "would be a waste of judicial resources" is simply inapposite.  Far from facilitating the administration of this case, Mr. Olivieri's dilatory attempt to stay all proceedings simply allows this case to languish in a purgatory-like state, and prejudices Bell Atlantic Master Trust's right to have Mr. Olivieri's liability to it adjudicated in a timely manner.

     Mr. Olivier chose to remove this case from state court to federal court.  That action necessarily caused matters in this case to be delayed and allowed Mr. Olivieri to enjoy the concomitant extension of time.  However, as noted above, in addition to the removal-related delays in this case, Mr. Olivieri has further sought four separate extensions to answer the complaint – with Fidelity agreeing to those requests.  Notwithstanding those extensions, Mr. Olivier seeks yet an *additional* delay in the proceedings.  The multiple agreements to extend Mr. Olivieri's answer dated clearly evidence that Fidelity and its counsel have entertained Mr.

Olivieri's extension requests with an abundance of professional courtesy.  However, simply put, enough is enough.  Between the removal of this case and the extensions granted by Fidelity, Mr. Olivieri has had ample time to answer.  Notwithstanding Mr. Olivieri's removal of the case to this Court, Fidelity is still entitled to have the matter heard in a timely manner.  Accordingly, there simply is no justification for granting yet another delay to the judicial determination of Mr. Olivieri's liability to Bell Atlantic Master Trust.

*Conclusion*

For the foregoing reasons, Fidelity respectfully requests that Defendant Riccardo Olivieri's Motion for Procedural Order with Respect to Filing Answer or Other Responsive Pleadings be denied.

Respectfully submitted,

/s/ Brian H. Mukherjee
Anthony M. Feeherry, P.C. (BBO # 160860)
Brian H. Mukherjee, Esq. (BBO # 643954)
GOODWIN PROCTER LLP
Exchange Place
Boston, Massachusetts  02109
Telephone:  617-570-1000
Facsimile: 617-523-1231

Attorneys for Fidelity Management Trust Company, as Investment Manager and Collateral Agent and not Individually

Dated:  October 7, 2004

LIBA/1419436.1