UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FIDELITY MANAGEMENT TRUST COMPANY, as Collateral Agent for Mellon Bank, N.A., as Trustee of Bell Atlantic Master Trust with Respect to Account C, <br><br> Plaintiff, <br><br> v. <br><br> RICCARDO OLIVIERI, an individual, <br><br> Defendant. | Civil Action No. 04-cv-11873-NMG |

## ANSWER

The Defendant responds to the Complaint as follows with respect to each paragraph thereof:

1. Paragraph 1 states only legal conclusions, and no response is required.

2. The Defendant has no knowledge with which to admit or deny the allegations of paragraph 2.

3. With respect to paragraph 3, the Defendant admits that he is an Italian citizen, and admits that at the time of the transactions complained of, he had an address as indicated therein.

4. Paragraph 4 states only legal conclusions, and no response is required.

5. Paragraph 5 states only legal conclusions, and no response is required. The Defendant admits that the language quoted accurately sets forth the language in the Guaranty referred to in the Complaint.

6. The Defendant denies the allegations of paragraph 6.

7. The Defendant admits the allegations of paragraph 7.

8. The Defendant admits the allegations of paragraph 8.

9. The Defendant states that the documents identified in paragraph 9 of the Complaint speak for themselves.

10. The Defendant states that the documents identified in paragraph 10 of the Complaint speak for themselves.

11. The Defendant states that the documents identified in paragraph 11 of the Complaint speak for themselves.

12. The Defendant admits the allegations of paragraph 12. The Defendant admits that the language quoted accurately sets forth the language in the Guaranty referred to in the Complaint.

13. The Defendant admits that the language quoted in paragraph 13 accurately sets forth the language in the Guaranty referred to in the Complaint.

14. The Defendant admits that the language quoted in paragraph 14 accurately sets forth the language in the Guaranty referred to in the Complaint.

15. The Defendant admits the allegations of paragraph 15.

16. Paragraph 16 states only legal conclusions, and no response is required

17. The Defendant admits the allegations of the first sentence of paragraph 17 to the extent that no payment was made to the Purchasers by FDA on July 31, 2003. The remainder of paragraph 17 states only legal conclusions, and no response is required.

18. The Defendant denies the allegations of paragraph 18.

19. The Defendant denies the allegations of paragraph 19.

20. The Defendant reiterates his responses to paragraphs 1 through 19.

2

21. The Defendant denies the allegations of paragraph 21.

22. The Defendant denies the allegations of paragraph 22.

23. The Defendant denies the allegations of paragraph 23.

24. The Defendant reiterates his responses to paragraphs 1 through 23.

25. The Defendant denies the allegations of paragraph 25.

26. The Defendant denies the allegations of paragraph 26.

27. The Defendant denies the allegations of paragraph 27.

28. The Defendant reiterates his responses to paragraphs 1 through 27.

29. The Defendant denies the allegations of paragraph 29.

30. The Defendant denies the allegations of paragraph 30.

31. The Defendant denies the allegations of paragraph 31.

32. The Defendant reiterates his responses to paragraphs 1 through 31.

33. The Defendant denies the allegations of paragraph 33.

34. The Defendant denies the allegations of paragraph 34.

35. The Defendant denies the allegations of paragraph 35.

36. The Defendant reiterates his responses to paragraphs 1 through 35.

37. The Defendant denies the allegations of paragraph 37.

38. The Defendant denies the allegations of paragraph 38.

39. The Defendant denies the allegations of paragraph 39.

40. The Defendant denies the allegations of paragraph 40.

### Affirmative Defenses

### FIRST AFFIRMATIVE DEFENSE

The Complaint, in whole or in part, fails to state a claim for which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

This action is barred in whole or in part because of the plaintiff's failure to mitigate its damages.

### THIRD AFFIRMATIVE DEFENSE

This action is barred because the defendants acted fairly and equitably toward the plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

If the plaintiff was harmed at all, which defendant denies, such harm, in whole or in part, was caused or contributed by the acts or omissions of parties over whom the defendant had no control and for whose actions it is not legally responsible.

### FIFTH AFFIRMATIVE DEFENSE

If the plaintiff was harmed, which the defendant denies, such harm, in whole or in part, was caused or contributed by the plaintiff's failure to act in good faith and deal fairly with the defendant under the contract between them.

### SIXTH AFFIRMATIVE DEFENSE

The plaintiff is estopped by its conduct from asserting its claims.

### SEVENTH AFFIRMATIVE DEFNSE

The plaintiff, by its conduct, has waived any claims it may have against the defendant.

### EIGHTH AFFIRMATIVE DEFENSE

If defendant breached any contract between the parties, which the defendant denies, the plaintiff's cause of action is barred by the doctrine of laches.

WHEREFORE DEFENDANT REQUESTS that this Court:

a) Enter a judgment in his favor on all counts set forth in the complaint;

b) Award him costs and attorneys fees to the extent permitted by law; and

c) Enter any further relief this Court deems just and proper.

**DEFENDANT DEMANDS A JURY ON ALL ISSUES SO TRIABLE.**

                                        RICCARDO OLIVIERI
                                        By his attorneys,

                                        */s/ Richard L. Levine*
                                        Richard L. Levine (BBO#297040)
                                        Kenneth J. DeMoura (BBO#548910)
                                        ADLER POLLOCK & SHEEHAN
                                        175 Federal Street
                                        Boston, MA  02110
                                        Tel: (617) 482-0600
                                        Fax: (617) 482-0604
                                        kdemoura@apslaw.com
                                        rlevine@apslaw.com

Dated: October 8, 2004
*312524_1*