IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FIDELITY MANAGEMENT TRUST )
COMPANY, as Collateral Agent for )
Mellon Bank, N.A., as Trustee of Bell )
Atlantic Master Trust with Respect to )
to Account C, )
         Plaintiff, )   Civil Action No. 04-CV-11873-NMG
)
v. )
)
RICCARDO OLIVIERI, an individual, )
         Defendant. )

**DEFENDANT'S MEMORANDUM IN SUPPORT OF OPPOSITION TO MOTION OF
PLAINTIFF TO VACATE REMOVAL AND FOR REMAND**

Defendant, Riccardo Olivieri, hereby opposes the motion of Plaintiff Fidelity Management Trust Company ("Fidelity") to Vacate Removal and For Remand ("Remand Motion").

## STATEMENT OF FACTS

Fidelity Management serves as the collateral agent for a Trust of whom the beneficiary is a pension fund. That Trust purchased notes in the amount of $14,500,000 issued by Florida Development Associates, Inc.("FDA"). FDA is a Debtor in proceedings under chapter 11 in the United States Bankruptcy Court for the Southern District of Florida. The Defendant Mr. Olivieri guaranteed payment of that indebtedness. The Guaranty that Mr. Olivieri was required to sign includes the following two provisions:

- "This Guaranty shall be governed and construed pursuant to the laws of the Commonwealth of Massachusetts and shall take effect as a sealed instrument;"
- "Each Guarantor hereby irrevocably submits, for itself and in respect of its

> assets and property, generally and unconditionally, at the election of the Collateral Agent, to the jurisdiction of the courts of the Commonwealth of Massachusetts or of the United Stated of America for The Commonwealth of Massachusetts over any suit, action or proceeding arising out of or relating to this Guaranty."

The holders of the indebtedness are a pension fund with nothing appearing on the record indicating a Massachusetts connection. The Trustee of that pension fund is Mellon Bank, formerly Bankers Trust Company, neither one of which has, as far as the record is concerned, a Massachusetts connection. The Debtor whose debt was guaranteed and the Defendant Mr. Olivieri have, as far as the record shows, connections only in Florida. The record before the Court at this time shows no Massachusetts connection except that the collateral agent, which is the plaintiff in this case, has an office in Massachusetts.[1]

The transaction itself was undertaken to finance the development of property located in Florida. The documents underlying the transaction were neither executed nor delivered by the Defendant or the Debtor to Massachusetts. No moneys were paid to Massachusetts. The primary negotiations in this transaction occurred in Florida and not in Massachusetts. The property that is the subject matter of the transaction is in Florida.

The advance of funds, upon which the Guaranty is based, is already the subject of litigation between FDA and Fidelity. Prior to the commencement of Fidelity's action against Mr. Olivieri, FDA filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Florida (the "Bankruptcy Case"). On July 20, 2004, prior to service of Fidelity's complaint herein, FDA initiated in the Bankruptcy Case an adversary proceeding against Fidelity ("Adversary Proceeding") challenging the validity of the underlying transaction, and of any claims

---

[1] The Debtor's sole general partner, Bentley Bay G.P. Corp., is a Florida Corporation. Similarly, the Debtor's sole limited partner, Development Investors, LLC, is a Florida limited liability company.

thereunder. Among other challenges, FDA has alleges that the transaction violates the usury laws of Florida and is unenforceable; that the transaction should be recharacterized as an equity investment from Fidelity and its principals and thus is unenforceable; and that Fidelity breached its duties to FDA.

Mr. Olivieri has intervened in the Adversary Proceeding against the plaintiff in order to challenge the Guaranty and the underlying transactions based upon, in part, the same arguments raised by FDA against Fidelity. Further, even if the present action were to proceed separately in Massachusetts, Mr. Olivieri will raise in this action the same arguments raised by FDA against Fidelity in the Bankruptcy Case.

## PROCEDURE TO DATE

Fidelity filed suit against the Defendant in Massachusetts Superior Court on July 15, 2004. The Defendant removed the action to this Court pursuant to 28 U.S.C. §§1332 and 1441(b). Fidelity has moved to vacate Defendant's removal and to remand this action to the State Court and bases its motion on the forum-selection clause set forth in the Guaranty. The forum-selection clause does not waive Defendant's right to remove the action to this Court.

## ARGUMENT

### THE FORUM-SELECTION CLAUSE DOES NOT PROHIBIT DEFENDANT'S REMOVAL OF THIS ACTION TO FEDERAL COURT

Fidelity's reliance on the Guaranty's forum-selection clause as a basis for remand is misplaced. Although the Defendant has consented to jurisdiction and venue in Massachusetts, he has not waived his right of removal. A party can contractually consent to jurisdiction without waiving its removal rights. Indeed, courts have held the contractual waiver of a parties right of removal must be clear and unequivocal. *McDermott International, Inc. v. Lloyds Underwriters of London*, 944 F. 2d 1199, 1206 (5th Cir. 1991); *Regis Associates v. Rank Hotels, Ltd.*, 894 F. 2d

3

193, 195 (6th Cir. 1990); *Weltman v. Silna*, 879 F. 2d 425, 427 (8th Cir. 1989).

The forum-selection clause contained in the Guaranty does not constitute a clear and unequivocal waiver of Defendant's right to remove this action from the state court to the federal court. The Guaranty does not mandate that any dispute arising out of or relating to the Guaranty must be brought in the state courts of Massachusetts. Rather, the Guaranty provides only that Mr. Olivieri submit himself, at the election of Fidelity, to the jurisdiction of courts within Massachusetts, and that he agree to waive any argument that such courts are inconvenient for him. Guaranty at ¶17. He has not, by this language, further agreed that the Massachusetts state court, as compared with the Massachusetts federal court, is the exclusive forum for any action arising out of or relating to the Guaranty. He therefore is not barred from removing the action to Federal Court. At most, the clause provides Defendant's consent to the geographic location of the litigation without ever addressing the right of removal.

The forum-selection language of the guaranty in this case suffers from the same lack of precision as the contract in *Autoridad de Energia Electrica de Puerto Rico v. Ericsson*, 201 F.3d 15 (1st Cir. 2000). In *Autoridad*, the language under analysis read: "This contract wil be governed and interpreted pursuant to the Laws of the commonwealth of Puerto Rico and the parties agree to submit to the jurisdiction of the courts of the Commonwealth of Puerto Rico." *Autoridad*, at 18. In rejecting—indeed, in reversing an order for—remand, the First Circuit interpreted a forum selection clause as merely conferring personal jurisdiction by consent, and not a negative exclusion of jurisdiction. *Autoridad*, at 18-19.

A District court in Pennsylvania analyzed an agreement which provided that "The Employee irrevocably and unconditionally agrees that…an action may be commenced…in any federal or state court of competent jurisdiction sitting in Philadelphia or Montgomery County,

4

Pennsylvania, or if the employee then resides in Tennessee in Davidson or Sumner County, Tennessee, or in any other court of competent jurisdiction. The Employee hereby waives, to the fullest extent permitted by law, any objection that he may now or hereafter have to such jurisdiction or to the laying of the venue of any such suit..." *Periodical Graphics, Inc. v. Spitz*, 1994 WL 502506 (E.D.Pa. 1994). The Court found that this kind of language should be interpreted geographically to include either Federal or state Courts located within the county or city referred to in the agreement, and that in the absence of any explicit distinction between state and federal court, such an agreement did not preclude removal.

    The forum-selection clause does not provide Fidelity with the clear and unequivocal right to choose the forum in which the dispute will be heard. Therefore Fidelity's reliance on *Waters v. Browning Ferris Industries, Inc.*, 252 F. 2d 13 (5th Cir. 1991), *GP Plastics Corp. v. Interboro Packaging Corp.*, 2004 WL 1627240 (5th Cir. 2004) and *Snapper, Inc. v Redan*, et al., 171 F. 3d 1249 (11th Cir. 1999) is unavailing. In each of these cases, the courts held that the clauses unambiguously conferred upon one party the right to elect the forum within the jurisdiction. The forum-selection clause at issue does no such thing. The clause does not state that suit "may be brought in the courts of the [state or Federal court of the jurisdiction], ***all as Creditor may elect***" which compelled the result reached in *Snapper, Inc.* 171 F. 3d at 1260 (emphasis supplied), or that the suit may only be brought in the "the state or federal court of [the forum] ***selected by***" the plaintiff. *GP Plastics*, 2004 WL 1627240 at *4 (emphasis supplied). A fair and clear interpretation of the forum-selection clause in this case recognizes that the "election" conferred on Fidelity is not the election of the court within the forum but rather the election to bring suit in the forum and have the defendant submit to jurisdiction in the forum.

5

## CONCLUSION

The Defendant did not clearly and unequivocally waive his right to remove this action to this court. The forum-selection clause does not clearly and unequivocally provide Fidelity with the right to elect which court within the forum the dispute must be litigated. Fidelity's motion to remand to vacate the removal should be denied.

                                                    Respectfully submitted,

                                                    /s/ Kenneth J. DeMoura

                                                  Richard L. Levine (BBO#297040)
                                                  Kenneth J. DeMoura (BBO#548910)
                                                  ADLER POLLOCK & SHEEHAN
                                                  175 Federal Street
                                                  Boston, MA 02110
                                                  Tel: (617) 603-0556
                                                  Fax: (617) 482-0604
                                                  COUNSEL TO RICCARD OLIVIERI

October 19, 2004
*313329_1*