IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FIDELITY MANAGEMENT TRUST COMPANY, as Collateral Agent for Mellon Bank, N.A., as Trustee of Bell Atlantic Master Trust with Respect to Account C <br><br> Plaintiff, <br> v. <br><br> RICCARDO OLIVIERI, an individual <br><br> Defendant. | Civil Action No. 04-cv-11873 NMG |

**FIDELITY MANAGEMENT TRUST COMPANY'S REPLY TO DEFENDANT'S OPPOSITION TO MOTION TO VACATE REMOVAL AND FOR REMAND**

Fidelity Management Trust Company ("Fidelity") as collateral agent and investment manager and not individually, on behalf of Mellon Bank, N.A. ("Mellon Bank"), as Trustee of the GTE Service Corporation Plan for Employees' Pensions Trust ("GTE Pensions Trust") with respect to Account No. 176230, *n/k/a* the Bell Atlantic Master Trust with respect to Account C, hereby submits this reply to Defendant Riccardo Olivieri's Opposition to Motion to Vacate Removal and for Remand.

**Statement of Rebuttal Facts**

In the Opposition, Mr. Olivieri makes several misleading statements of "fact." First, Mr. Olivieri suggests that "[t]he holders of the indebtedness" have no connection to Massachusetts. Opp'n at 2. As support for this claim, he asserts that "[t]he Trustee of that pension fund is Mellon Bank, formerly Bankers Trust Company, neither of which has, as far as the record is concerned, a Massachusetts connection." Id. Contrary to the Defendant's allegations that the

Trustee has no Massachusetts connection, Mellon Bank has significant operations in Massachusetts, including operations related to its institutional trust business and trust administration operations. See Affidavit of Jeffrey M. Tapley at ¶ 4, attached as Exhibit A.

Defendant further alleges that the only connection to Massachusetts in the record stems from Fidelity having an office in Massachusetts. The Massachusetts' connections in this guaranty suit are much more extensive than Defendant will admit. Fidelity does not just have an office in Massachusetts, it maintains its principal place of business and headquarters there. See Tapley Aff. at ¶ 5. In addition, the Transaction Documents evidencing the loan from GTE Pensions Trust to FDA were drafted, collected, assembled and held by Fidelity's counsel in Massachusetts and Mr. Olivieri's signatures on the Transaction Documents, other than the promissory note (the "Note") issued by FDA in favor of GTE Pensions Trust, were delivered to Fidelity in Massachusetts. See id. at ¶¶ 9-10. Fidelity's decision to close on the Note and fund the Note purchase was made in Massachusetts. See id. at ¶ 11. Fidelity signed the transaction documents outside of Florida. See id. at ¶ 8. Mr. Olivieri physically signed the Note on behalf of FDA in New York at the branch offices of Fidelity's counsel and delivered the Note to Fidelity's counsel in those offices. See id. at ¶ 12. Moreover, Fidelity's decisions as discretionary investment manager, on behalf of GTE Pensions Trust and Bell Atlantic Master Trust, to authorize disbursements under the Securities Purchase Agreement and the Cash Management Agreement were also made in Massachusetts. See id. at ¶ 13.

Defendant also argues that "[n]o moneys were paid to Massachusetts." Opp'n at 2. As an initial matter, no moneys were paid by FDA to anyone because FDA made no payments under the terms of the Note. See Tapley Aff. at ¶ 15. Further, no scheduled payments were due in

Florida; rather, payments were required to have been submitted to Deutsche Bank in New York. See id. at ¶ 14.

Finally, Defendant states that "[o]n July 20, 2004, prior to Fidelity's complaint herein, FDA initiated in the Bankruptcy Case an adversary proceeding against Fidelity." Opp'n at 2. Defendant's statement ignores a key piece of information – Fidelity filed its complaint in the Guaranty suit on July 15, 2004, *prior* to FDA's initiation of the adversary proceeding against Fidelity in the Bankruptcy Case. See Tapley Aff. at ¶ 16.

### Argument

Mr. Olivieri's legal argument is both misleading and unpersuasive. Mr. Olivieri begins his argument by stating that "courts have held the contractual waiver of a parties [*sic*] right of removal must be clear and unequivocal." Opp'n at 3. In fact, when dealing with contractual waivers, many courts have applied ordinary principles of contract interpretation, see e.g. Snapper v. Redan, 171 F.3d 1249, 1261-62 (11th Cir. 1999), and found that a party to a contract may waive a right of removal provided that the other party to the contract has 'the right to choose the forum' in which any dispute will be heard. Waters v. Browning-Ferris Indus., Inc., 252 F.3d 796, 797 (5th Cir. 2001). See also GP Plastics v. Interboro Packaging Corp., 2004 WL 1627240 at *3 (5th Cir. 2004) ("[A] waiver of removal rights need not be explicitly stated; rather, the clause need only 'make clear' that one of the parties has the 'right to choose' the forum.") In any event, the forum selection clause at issue in this case is "clear and unequivocal" and expressly provides Fidelity with "the right to choose the forum" through the language "at the election of the Collateral Agent." Guaranty at § 17.

Mr. Olivieri next argues that "[t]he Guaranty does not mandate that any dispute arising out of or relating to the Guaranty must be brought in the state courts of Massachusetts." Opp'n

at 4. This statement is simply inaccurate and, moreover, does nothing to advance Mr. Olivieri's argument. Courts do not require that a forum selection clause mandate that any dispute arising out of a contract must be brought in a particular state court before they will find a waiver of removal. Rather, as outlined above, courts require that one party to the contract has "the right to choose the forum" in which any dispute will be heard before they rule that the other party has waived its right to removal. See GP Plastics, 2004 WL 1627240 at *3 (finding waiver based on language providing that "the state or federal court of Texas selected by" GP Plastics shall have jurisdiction); Waters, 252 F.3d at 797-98 (finding waiver based on language providing that BFI agreed that "any such suit, action, or legal proceeding may be brought in the courts of [Texas] or the courts of the United States for [Texas]" and consented to jurisdiction and venue); Snapper, 171 F.3d at 1260-62 (finding waiver based on language providing that "any legal action or proceeding with respect to this instrument may be brought in the courts of the State of Georgia or the United States District Court, Northern District of Georgia, Atlanta Division, all as Creditor may elect"). Again, under the forum selection clause at issue in this case, Fidelity has the right to elect to bring any dispute arising out of the Guaranty in either state or federal court in Massachusetts.

Next, Mr. Olivieri cites to case law that is simply inapplicable to the forum selection clause at issue here. Mr. Olivieri argues that the language of the Guaranty "in this case suffers from the same lack of precision as the contract in *Autoridad de Energia Electrica de Puerto Rico v. Ericsson*, 201 F.3d 15 (1st Cir. 2000)." Opp'n at 4. This statement could not be further from the truth. The forum selection clause in Autoridad stated that "[t]his contract will be governed and interpreted pursuant to the Laws of the Commonwealth of Puerto Rico and the parties agree to submit to the jurisdiction of the courts of the Commonwealth of Puerto Rico." Id. at 18. In

4

reversing an order for remand, the First Circuit ruled that the Puerto Rico Electric Power Authority "could easily have drafted the contract to provide for exclusive jurisdiction in the Commonwealth courts if that were its intent." Id. at 19. In other words, the First Circuit recognized that parties should draft forum selection clauses to reflect clearly their intent. That is exactly what the parties in this case did. The forum selection clause in the Guaranty at issue states:

> Each Guarantor hereby irrevocably submits, for itself and in respect of its assets and property, generally and unconditionally, ***at the election of the Collateral Agent***, to the jurisdiction of the courts of The Commonwealth of Massachusetts or of the United States of America for The Commonwealth of Massachusetts over any suit, action or proceeding arising out of or relating to this Guaranty. Each Guarantor ***irrevocably waives, to the fullest extent permitted by law, any objection*** which it may now or hereafter have to the venue or jurisdiction of any such suit, action or proceeding brought in any such court, including, without limitation, that any such suit, action or proceeding brought in any such court claim has been brought in an inconvenient forum.

Id. at § 17 (emphasis added). Under this clause, Mr. Olivieri irrevocably submitted, at the election of Fidelity, to the jurisdiction of either the state or federal courts in Massachusetts and irrevocably waived any objection he might have to the venue or jurisdiction of any such suit. The forum selection clause at issue in Autoridad did not allow the Puerto Rico Electric Power Authority to select the forum in which any dispute would be heard and it did not provide that Ericsson waived any challenges to jurisdiction or venue. In contrast to the language of the forum selection clause at issue in Autoridad, the language of the forum selection clause in the Guaranty makes clear that Fidelity has the right to choose either federal or state court in Massachusetts to hear any dispute arising out of the Guaranty and that Mr. Olivieri irrevocably waived any challenge to such a choice, thereby waiving his right to removal.

     Mr. Olivieri's reliance on Periodical Graphics, Inc. v. Spitz, 1994 WL 502506 (E.D. Pa. 1994), is similarly misplaced. In finding that the forum selection clause at issue in that case did

5

not constitute a waiver of removal by the defendant, the Periodical court distinguished the clause from clauses in cases where courts had found a waiver of removal because one party had agreed to submit to the jurisdiction of the forum chosen by the other party. See id. at *3 (discussing facts of Foster v. Chesapeake Ins. Co., Ltd., 933 F.2d 1207, 1217 (3d Cir. 1991)).  The Periodical court determined that the forum selection clause at issue was intended "as an agreement to certain geographical locations for the convenience of the parties" rather than to vest one party with the right to choose among designated fora. Id.  In contrast to the forum selection clause at issue in Periodical, the forum selection clause contained in the Guaranty permits Fidelity to choose to bring suit in either federal or state court in Massachusetts "at the election of the Collateral Agent," thereby vesting Fidelity with the right to choose among designated fora.

Mr. Olivieri feebly attempts to distinguish Waters, GP Plastics, and Snapper, by arguing that the clauses at issue in those cases conferred upon one party the right to elect the forum within the jurisdiction because they contained language such as "all as Creditor may elect" and "the state or federal court of [the forum] selected by."  The forum selection clause in the Guaranty contains the language Mr. Olivieri "irrevocably submits . . . ***at the election of*** the Collateral Agent, to the jurisdiction of the courts of The Commonwealth of Massachusetts or of the United States of America for the Commonwealth of Massachusetts" which is virtually indistinguishable from the language from the forum selection clauses in Waters, GP Plastics, and Snapper.

Mr. Olivieri next attempts to explain away the language "at the election of" by stating that "the 'election' conferred on Fidelity is not the election of the court within the forum but rather the election to bring suit in the forum and have the defendant submit to jurisdiction in the forum." Opp'n at 5.  This explanation is so contrived that it barely warrants a response.  This

6

reading reads the phrase "at the election of," which clearly refers to the choice between federal and state court, out of the forum selection clause. How would Mr. Olivieri "irrevocably submit" to the jurisdiction of either the state or federal courts in Massachusetts if Fidelity had not chosen to bring suit there in the first place? Mr. Olivieri's interpretation is simply nonsensical. His explanation also conveniently ignores the next sentence in the Guaranty's forum selection clause, which states that Mr. Olivieri "irrevocably waives, to the fullest extent permitted by law, any objection which it may now or hereafter have to the venue or jurisdiction of any such suit, action or proceeding brought in any such court, including, without limitation, that any such suit, action or proceeding brought in any such court claim has been brought in an inconvenient forum." Guaranty at § 17. Under the first sentence of the forum selection clause, Mr. Olivieri agreed to allow Fidelity to select between two designated fora for any disputes arising out of the Guaranty and, under the second sentence of the forum selection clause, he waived any objection he had to that selection.[1]

---

[1] Fidelity also notes that Mr. Olivieri's argument undercuts any future argument he may try to make in an attempt to have the case transferred to Florida. He has conceded that, under the forum selection clause, he must submit to the jurisdiction of any court in Massachusetts.

7

## CONCLUSION

For the foregoing reasons, Fidelity requests this Court to grant its Motion to Vacate and for Remand of the State Court Action to the Business Litigation Session of the Superior Court for the Commonwealth of Massachusetts.

Respectfully submitted,

/s/ Brian H. Mukherjee
Anthony M. Feeherry, P.C. (BBO # 160860)
Brian H. Mukherjee, Esq. (BBO # 643954)
GOODWIN PROCTER LLP
Exchange Place
Boston, Massachusetts  02109
Telephone:  617-570-1000
Facsimile: 617-523-1231

Attorneys for Fidelity Management Trust Company, as Investment Manager and Collateral Agent and not Individually

Dated:  November 8, 2004