IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FIDELITY MANAGEMENT TRUST COMPANY, as Collateral Agent for Mellon Bank, N.A., as Trustee of Bell Atlantic Master Trust with Respect to to Account C,<br>    Plaintiff,<br><br>v.<br><br>RICCARDO OLIVIERI, an individual,<br>    Defendant. | Civil Action No. 04-CV-11873-NMG |

## MEMORANDUM OF DEFENDANT RICCARDO OLIVIERI IN SUPPORT OF MOTION TO TRANSFER VENUE

The Defendant Riccardo Olivieri has this day moved to transfer the venue of this matter to the United States District Court for the Southern District of Florida ("Motion to Transfer"), where the same issues presented in this case are being litigated, and where a further transfer to the United States Bankruptcy Court for the Southern District of Florida would then be anticipated. The Defendant submits this memorandum in support of the Motion to Transfer.

## STATEMENT OF FACTS

Plaintiff Fidelity Management Trust Company ("Fidelity") serves as the Collateral Agent for Bankers Trust Company, predecessor in interest to Mellon Bank, N.A., as Trustee of the GTE Service Corporation Plan for Employees' Pension Trust with respect to Account No. 176230, n/k/a the Bell Atlantic Master Trust ("Creditor"). In this action, Fidelity seeks to enforce on behalf of the Creditor a $14,500,000 Guaranty ("Guaranty") against Mr. Olivieri. The Guaranty was intended to enable Florida Development Associates, Ltd., a company owned by Mr. Olivieri, to secure a $14,500,000 loan ("Loan") with which to purchase land and develop a real estate

project known as Bentley Bay Towers in Miami, Florida ("Project"). As hereafter described, Florida Development Associates, Ltd. filed a petition for relief under Chapter 11 of the Bankruptcy Code, and is hereafter referred to as "Debtor".

The Guaranty that Mr. Olivieri was required to sign by the Creditor contains the following two provisions:

> ♦ "This Guaranty shall be governed and construed pursuant to the laws of the Commonwealth of Massachusetts and shall take effect as a sealed instrument;"

> ♦ "Each Guarantor hereby irrevocably submits, for itself and in respect of its assets and property, generally and unconditionally, at the election of the Collateral Agent, to the jurisdiction of the courts of the Commonwealth of Massachusetts or of the United Stated of America for The Commonwealth of Massachusetts over any suit, action or proceeding arising out of or relating to this Guaranty."

Except for the Collateral Agent's being located in Massachusetts, neither of the parties nor the transaction at issue has any connection or relation to Massachusetts. The Debtor is a Florida limited partnership, and both its general and limited partners are also Florida companies. Furthermore, The Debtor's sole general partner, Bentley Bay G.P. Corp. ("Bentley Bay"), is a Florida corporation. Similarly, the sole limited partner of the Debtor, Development Investors, LLC, is a Florida limited liability company.

The Creditor is Bell Atlantic Master Trust with Respect to Account C, which entity is also not a Massachusetts corporation. Mr. Olivieri is an Italian citizen and resident of Miami, Florida.

The transaction itself was undertaken to satisfy certain equity requirements regarding the development of the Property. The Property is located in Florida. The documents underlying the transaction were not executed or delivered in Massachusetts. The moneys advanced under the agreement to finance ("Agreement") were not paid in Massachusetts. The primary negotiations in this transaction occurred in Florida and not in Massachusetts. The Property and Project and all

security provided under the Agreement and the related note that was executed ("Note") are located in Florida. All monies provided pursuant to the Agreement were to be used for the Property and Project in Florida. The closing of the transaction occurred in Miami, Florida.

The Loan, upon which the Guaranty is based, is already the subject of litigation between the Debtor and the Creditor over, in part, the very issues raised in the complaint. Prior to the commencement of Fidelity's action against Mr. Olivieri, the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code in the United States District Court for the Southern District of Florida (the "Bankruptcy Case"). On July 20, 2004, prior to service of Fidelity's complaint, the Debtor initiated in the Bankruptcy Case an adversary proceeding against the Creditor ("Adversary Proceeding") challenging the validity of the Loan and the purported debt owed thereon on various grounds. Among other challenges, the Debtor alleges that the Loan calls for a rate of interest that exceeds that which is allowed under Florida's usury laws and thus is unenforceable; that the Loan should be recharacterized as an equity investment from the Creditor and thus is unenforceable; and that the Creditor breached its fiduciary duty to the Debtor by seizing control of the Project and mismanaging it to the Debtor's detriment.

If this action were to proceed separately in Massachusetts, Mr. Olivieri will raise these same arguments in defense of the claims brought by the Creditor through its Collateral Agent Fidelity here.

## ARGUMENT

This Court should transfer this action to the United States District Court, and then to the United States Bankruptcy Court, for the Southern District of Florida, where the Debtor and the Creditor are already litigating over the Loan upon which the Guaranty at issue in this case is based. A District Court has discretion to transfer a civil action to any other district or division

3

where it might have been brought for the convenience of the parties, the convenience of the witnesses, and/or in the interest of justice. 28 U.S.C. §§ 1404(a) and 1412; *see also New Medico Assoc., Inc. v. Kleinhenz*, 750 F. Supp. 1145 (D. Mass. 1990). Because the inquiry is the same under both 28 U.S.C. §1404(a) and § 1412, Mr. Olivieri moves to transfer venue under both statutes without determining which might be the more appropriate one to proceed under. *See Edge Petroleum Operating Co., Inc. v. Duke Energy Trading & Marketing, LLC*, 311 B.R. 740, 742 n.1 (S.D. Tex. 2003). Here, transfer is appropriate because Fidelity's action plainly could have been brought in the Bankruptcy Court for the Southern District of Florida and the factors relevant to a motion to transfer venue weigh heavily in favor of transfer. It is clear that an action on a personal guaranty for the debts of a debtor in bankruptcy is within the jurisdiction of the Bankruptcy Court. *Industri & Skipsbanken, A/S v. Levy*, 183 B.R. 58, 64 (S.D.N.Y. 1995); *see also In re Brothers Coal Co.*, 6 B.R. 567, 571 (Bankr. W.D. Va. 1980); *In re Rustic Mfg., Inc.*, 55 B.R. 25 (Bankr. W.D. Wis. 1985).

I. **The Guaranty Does Not Prevent Mr. Olivieri From Seeking Transfer Because It Does Not Contain An Exclusive Forum Selection Clause And, Even If It Did, The Clause Would Not Be Dispositive**

As a preliminary matter, the Guaranty does not prevent Mr. Olivieri from seeking transfer of this action because it does not mandate that any dispute arising out of or relating to the Guaranty must be brought in Massachusetts. Rather, the Guaranty provides only that Mr. Olivieri submit himself, at the election of Fidelity, to the jurisdiction of the courts of Massachusetts and that he agree to waive any argument that such courts are inconvenient for him. Guaranty at ¶ 17. In other words, Mr. Olivieri agreed to submit himself to the personal jurisdiction of the Massachusetts courts and not to claim his own inconvenience as a grounds for transfer. He has not, by this language, further agreed that Massachusetts is the exclusive forum for any action arising out of or relating to the Guaranty and therefore is not barred from moving

4

to transfer venue. *See Credit Alliance Corp. v. Crook*, 567 F. Supp. 1462, 1464-65 (S.D.N.Y. 1983) (holding that a permissive forum selection clause did not bar motion to transfer venue.

Even an exclusive forum selection clause would not be dispositive of this Court's discretion to transfer. *New Medico*, 750 F. Supp. at 1145 (*citing Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22 (1988)).

> [T]he existence of a valid forum-selection clause whose enforcement is not unreasonable does not necessarily prevent the selected forum from ordering a transfer of the case under §1404(a). Congress set down in § 1404(a) the factors it thought should be decisive on a motion to transfer. Only one of these – the convenience of the parties – is properly within the power of the parties themselves to affect by a forum-selection clause. The other factors – the convenience of witnesses and the interest of justice – are third party or public interests that must be weighed by the district court; they cannot be automatically outweighed by the existence of a purely private agreement between the parties. Such an agreement does not obviate the need for an analysis of the factors set forth in § 1404(a) and does not necessarily preclude the granting of the motion to transfer.

*Plum Tree, Inc. v. Stockment*, 488 F.2d 754, 757-58 (3rd Cir. 1973). This Court should also weigh both the convenience of the witnesses and the interests of justice and in its discretion, may decide to transfer the case despite the existence of any exclusive forum selection clause between the parties. *See New Medico*, 750 F. Supp. at 1145 (where Massachusetts District Court transferred lawsuit to Illinois District Court despite the existence of a valid forum selection clause).

## II. Fidelity's Choice of Forum Is Not Dispositive And Should Be Given Little Deference Here; Massachusetts Has No Connection To The Operative Facts Of This Case And The Creditor, Which Is The Real Party In Interest, Has Not Selected Its Home Forum

Fidelity's choice of forum should be afforded little deference under the circumstances present here. While normally a significant factor in the transfer analysis, a plaintiff's choice of forum is not the only factor to be considered. *Liggett Group, Inc. v. R.J. Reynolds Tobacco Co.*, 102 F. Supp. 2d 518, 530 (D.N.J. 2000). Rather, a plaintiff's choice of forum is simply a

preference and, in certain circumstances, is afforded less weight than would ordinarily be the case. *Id.* One such circumstance is where the choice of forum by a plaintiff has little connection with the operative facts of the lawsuit. *Id.*; *see also Subaru of New England, Inc. v. Subaru of Augusta, Inc.*, 121 F.R.D. 1, 2 (D. Mass. 1988) (in transferring action from Massachusetts to Maine, the court held that the plaintiff's choice of forum was not entitled to the weight it would otherwise be accorded if the operative facts occurred either in whole or in part in Massachusetts). Here, there is in fact very little connection between the operative facts of this case and the State of Massachusetts.

Instead, the operative facts of this case have a significant connection to Florida. Specifically, the transaction itself was undertaken to satisfy the equity requirements in the development of the Property located in Miami-Dade County, Florida. The documents underlying the transaction were not executed or delivered in Massachusetts. The sums provided and paid under the Agreement were not paid in Massachusetts. The primary negotiations in this transaction occurred in Florida and not in Massachusetts. The Property and Project that are the subject matter of the Loan and all security provided under the Agreement and Note are located in Florida. All monies provided pursuant to the Agreement were to be used in the Property and Project in Florida. The closing of the transaction occurred in Miami, Florida. The security provided to Fidelity is located in Florida. Fidelity has filed a proof of claim to collect the sums due from FDA in Florida.

Further, a plaintiff's choice of forum is given less deference where the plaintiff has not chosen a home forum. *Liggett Group,* 102 F. Supp. 2d at 530 (citing *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 241 (1981)). Here, the true party in interest has not chosen its home forum. While Fidelity is a Massachusetts trust company, it is really only the nominal plaintiff in

6

this action. The true party in interest, i.e., the party that stands to receive the $14,500,000 if the Guaranty is enforced (which it should not be), is the Creditor. The Creditor is not a Massachusetts resident, but instead a New York company. Mellon Bank, the Trustee for the real party in interest, is headquartered in Pittsburgh, Pennsylvania, although it has an office in Massachusetts unrelated to this matter. Fidelity's client contact is located in Stamford, Connecticut, and not Massachusetts. Thus, the Creditor, in selecting Massachusetts as the forum in which to bring its action, has not selected its home forum. Instead, it has elected to bring this action in Massachusetts through its Collateral Agent Fidelity, presumably in an effort to avoid the effects of any adverse decision in the Bankruptcy Case, particularly an adverse ruling on the issue of whether the Loan is usurious under Florida law (which it is). This Court should not reward such blatant attempts at venue shopping by the Creditor, and thus should give the nominal plaintiff Fidelity's choice of forum little, if any, deference.

III. **The Convenience Of The Witnesses Weighs Heavily In Favor Of Transfer; The Witnesses Either Reside In Florida Or Will Be Required To Participate In The Florida Adversary Proceeding In Any Event**

This Court should transfer this action to the Southern District of Florida because the convenience of the witnesses weighs heavily in favor of transfer. Convenience of the witnesses is a primary concern in the transfer analysis. *Cambridge Filter Corp. v. Int'l Filter Co., Inc.*, 548 F. Supp. 1308, 1311 (D. Nev. 1982) (citations omitted). Here, the Southern District of Florida is plainly the more convenient forum for the witnesses. First, the key witnesses are citizens and/or permanent residents of the State of Florida including, but not limited to, the following: Bernard Siegal, Vice President and CFO of The Bentley Group; Michael Fraser, Executive Vice President Sales & Marketing of The Bentley Group; Andrew Marshal, previous owner-representative of Bentley Bay; Rene Diaz de Villegas, president of the previous general contractor Keystone Construction Group; and Carlos Martinez, previous loan officer at Colonial Bank, the

construction lender; Wellbro Management, Inc., Fidelity's agent/inspector. A list of anticipated key Florida witnesses is attached to the Motion to Transfer. Second, all of the witnesses—and most, important, Fidelity—will already be participating in the Adversary Proceeding presently pending in the Bankruptcy Court for the Southern District of Florida, during both the discovery and trial stages of that action. A decision to transfer this action to the Southern District of Florida therefore will prove more convenient to the many witnesses residing in Florida should they choose to testify at trial, will subject the many witnesses residing in Florida to the subpoena power of the court (which is not true if the action remains here), and will prevent all witnesses from having to incur the burden and expense of having to participate in two actions rather than one.

IV. **<u>Interests Of Justice Weigh Heavily In Favor Of Transfer; There Is A Related Action Pending In The Southern District Of Florida That Shares Common Questions Of Fact And Law And Transfer Will, Among Other Things, Preserve Judicial Resources And Prevent Inconsistent Results</u>**

Even if the private interests did not weigh in favor of transfer, this Court should still transfer this action to the Bankruptcy Court for the Southern District of Florida because the interests of justice also weigh heavily in favor of such transfer. *See Todd Shipyards Corp. v. Cunard Line Ltd.*, 798 F. Supp. 1440, 1450 (D.N.J. 1989), finding that the existence of a prior pending action outweighed arguments centered upon the convenience of the parties and witnesses.

Where related lawsuits exist, it is in the interests of justice to permit suits involving the same or related parties and issues to proceed before one court and not simultaneously before two tribunals. *Liggett Group*, 102 F. Supp. 2d at 537.

> 'The *presence of a related case in the transferee forum is a powerful reason to grant a change of venue*, since litigation of related claims in the same tribunal results in 'more efficient conduct of pretrial discovery, saves witnesses time and money in both trial and pretrial proceedings, and

8

> avoids duplicative litigation and inconsistent results, thereby eliminating unnecessary expense to the parties while at the same time serving the public interest."

*Industri & Skipsbanken, A/S v. Levy*, 183 B.R. 58, 64 (S.D.N.Y. 1995) (emphasis added) (citations omitted).

See also *Bolton v. Tesoro Petroleum Corp.*, 549 F. Supp. 1312, 1317 (E.D. Pa. 1982) ("The *existence of a related action in the transferor or transferee district is a strong factor in a transfer decision* where judicial economy can be achieved and duplicative litigation, with possibly inconsistent results, avoided by consolidation of actions, or by coordination of discovery and other pre-trial proceedings.") (emphasis supplied); *Jacobs v. Tenney*, 316 F. Supp. 151, 169 (D. Del. 1970) ("[Where] [t]here is substantial identity in the questions of fact and law raised in [several related cases,] [t]he balance of convenience, and particularly, the interests of the courts in the effective administration of justice, weigh heavily in favor of transfer.

In *Industri & Skipsbanken, A/S v. Levy*, a creditor brought an action in United States District Court for the Southern District of New York seeking to enforce the personal guaranties of two individuals who were principals in a company that had previously filed for bankruptcy in the United States Bankruptcy Court for the Southern District of Texas. *Industri & Skipsbanken*, 183 B.R. 58. The District Court held that, under such circumstances, transfer of the creditor's action against the guarantors to the court hearing the debtor's bankruptcy case was entirely appropriate because "[h]aving all relevant parties litigating these matters in the same court, or at the very least, the same district, is the most efficient and convenient course to pursue and fulfills the purpose of § 1404(a)." *Id.* at 65.

Here, the facts of this case are almost identical to those found in *Industri & Skipsbanken, A/S v. Levy* and, if anything, may even provide stronger reasons for transfer. As in *Industri & Skipsbanken, A/S v. Levy*, the Creditor has filed suit in Massachusetts through its Collateral

9

Agent Fidelity to enforce the personal guaranty of Mr. Olivieri for the purported "debt" of the Debtor. As in *Industri & Skipsbanken, A/S v. Levy*, there is a related pre-existing bankruptcy case in another jurisdiction—the Debtor's Bankruptcy case filed in the Southern District of Florida prior to the commencement of the action on the Guaranty against Mr. Olivieri. Further, the Debtor here has instituted an adversary proceeding against the Creditor challenging the Loan upon which the Guaranty is based. Further, the arguments raised by the Debtor against the Creditor in the Adversary Proceeding are virtually, if not actually, the same as the arguments that Mr. Olivieri will raise in defense to this action, involving all or most of the same witnesses.

Specifically, both the Debtor and Mr. Olivieri will argue that the Loan calls for a rate of interest that exceeds that which is allowed under Florida's usury laws and thus is unenforceable; that the Loan should be recharacterized as an equity investment from the Creditor and thus is unenforceable; and that the Creditor and its Collateral Agent Fidelity breached their duty to both the Debtor and Mr. Olivieri by seizing control of the Debtor and the Project and then mismanaging them to the detriment of both the Debtor and Mr. Olivieri.

In order then to avoid the duplicative litigation of these same issues and claims and thus avoid the inefficiencies and problems associated with having two related lawsuits proceed separately with possibly inconsistent results, this Court should transfer this action to the Bankruptcy Court for the Southern District of Florida, where the Adversary Proceeding between the Debtor and the Creditor is currently pending. As recognized by the United States Supreme Court, "[t]o permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that [Section] 1404 was designed to prevent." *Continental Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26 (1960).

## CONCLUSION

Based upon the foregoing, this Court should transfer venue of this matter to the United States District of Florida. Among other things, this will avoid the possibility of inconsistent results, and will conserve the time and resources of the Court, the parties and the witnesses.

                                          Respectfully submitted,

                                          */s/ Richard L. Levine*
                                          Richard L. Levine (BBO#297040)
                                          Kenneth J. DeMoura (BBO#548910)
                                          ADLER POLLOCK & SHEEHAN
                                          175 Federal Street
                                          Boston, MA 02110
                                          Tel: (617) 482-0600
                                          Fax: (617) 482-0604
                                          COUNSEL FOR RICCARDO OLIVIERI

November 18, 2004

*314212_1*